Penn Proefriedt Schwarzfeld & Schwartz,
Stephen Penn, Esq. (**SP6357**)
114 West 47th Street, 19th Floor,
New York, NY 10036.
Telephone: (212) 354-7700
Facsimile:  (212) 997-5070

Attorneys for Plaintiff

Civil Action No.
14cv6001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BRANCH SIMMONS,

Plaintiff

-against-                                                **COMPLAINT**

ROYAL GUARD FENCE CO, INC.,
WESTBURY FENCE & GUARD RAIL CO., INC.,
RALPH GUERCIA and
RALPH GUERCIA JR.

Defendants.

-----------------------------------------------------------------X

Plaintiff BRANCH SIMMONS, by and through his attorneys, Penn Proefriedt Schwarzfeld &
Schwartz, upon his knowledge and belief, as and against Defendants, ROYAL GUARD
FENCE CO. INC., WESTBURY FENCE & GUARD RAIL CO., INC., RALPH GUERCIA
and RALPH GUERCIA JR (hereinafter "Defendants"), alleges as follows:

1.    Plaintiff commences this action pursuant to the Fair Labor Standards Act of 1938, 29
U.S.C. §201 et seq. ("FLSA"), the Code of Federal Regulations Relating to Labor, Wage and
Hour Division, Department of Labor, 29 C.F.R. § 500 et seq. (CFR), New York State Labor
Law §§ 190 et seq. and 650 et seq. ("NYLL") and Wage Orders of the New York State
Commission of Labor codified at N.Y.C.R.R. Tit. 12, §§ 142 et seq. and §§ 146 et seq.

(NYCRR), seeking compensation for unpaid overtime wages, liquidated damages, spread of hours, pre-judgment interest, attorney's fees, costs, disbursements and all other available legal remedies for Defendants' violations of federal and state labor laws.

2.    The Defendant Corporation ROYAL GUARD FENCE CO. INC. is a privately held domestic corporation dedicated to providing fence construction, privacy fence construction, wire fence or wood fence construction and related services to its clients depending on their individualized needs. The Defendant Corporation is doing business from its listed location at 550 Main Street, Westbury, New York, 11590.

3.    RALPH GUERCIA is the owner and manager of Defendant Corporation ROYAL GUARD FENCE CO., INC. and was at all relevant times responsible for the Plaintiff's time schedule, wages, terms and conditions of employment.

4.    RALPH GUERCIA was, at all times relevant, supervising Plaintiff, his tasks and responsibilities. He was also profoundly involved in the day-to-day operations of the Defendant corporation ROYAL GUARD FENCE CO., INC. and exercised significant control over the business.

5.    The Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC. is a privately held domestic corporation dedicated to providing fence sales and construction, privacy fence construction, wire fence or wood fence construction and related services to its clients depending on their individualized needs. The Defendant Corporation is doing business from its listed location at 410 Maple Avenue, Westbury, New York, 11590.

6.    RALPH GUERCIA JR is the owner and manager of Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC. and was at all relevant times responsible for the Plaintiff's time schedule, wages, terms and conditions of employment.

7. RALPH GUERCIA JR was, at all times relevant, supervising Plaintiff, his tasks and responsibilities. He was also profoundly involved in the day-to-day operations of the Defendant

corporation WESTBURY FENCE & GUARD RAIL CO., INC., and exercised significant control over the business.

8.   Defendants employed Plaintiff to work as a full-time mechanic, working mainly in fence construction and repair projects, the repair and maintenance of vehicles and equipment used for work related issues as well as the conduction of safety inspections as instructed. Additionally, Plaintiff was responsible for the preparation and maintenance of records and logs for vehicles used by Defendants.

9.   Plaintiff is a former employee of the Defendants. Plaintiff was hired and commenced working for Defendants on or about October of 2007, and for more than six (6) years thereof until February 4, 2014 for the purposes of providing full-time construction and maintenance services as directed and assigned by his employers.

10.   Defendants possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff. Plaintiff possessed no discretion whatsoever with respect to the hours, the schedule, the construction projects and all other conditions of his employment with Defendants.

11.   None of the Plaintiff's duties or responsibilities was skilled in nature or required any specialized training. Neither the Plaintiff ever worked in an executive, administrative or professional capacity.

12.   During the entire period Plaintiff has been employed by the Defendants, Plaintiff has been an excellent and diligent employee. Plaintiff has been loyal and dedicated to his work and there was never any incident questioning his diligence, professionalism and eagerness to perform his duties. All of his compensated and uncompensated work increased the net income and value of the business.

13.   Plaintiff was hired in the beginning of October of 2007 by Defendant Ralph Guercia, who was/is the President of the Defendant Corporation ROYAL GUARD FENCE CO., INC., to work

as a full-time employee in various construction and maintenance projects with a significant amount of work to be completed. Plaintiff's responsibilities included, but were not limited to repairing, maintaining and renovating company vehicles, fences and other equipment which was essential to Defendants' businesses.

14.    Initially, Plaintiff was hired to work for Defendant ROYAL GUARD FENCE CO., INC. However, he was later asked to perform work of essentially identical nature for Defendant WESTBURY FENCE & GUARD RAIL CO., INC. Therefore and given the proximity of the job sites, he was working for both companies at the same time, performing his duties as needs arose and as directed by his employers.

15.    Plaintiff was told that his normal working hours would vary but typically he would have to report to work at or about 8:00 a.m. until about 5:00 p.m., Monday to Friday each week.

16.    However, during the entire period of his employment with the Defendants, Plaintiff was consistently working long hours beyond his initially agreed upon schedule. Specifically, for the period starting at his hiring date and until July 2012, he was reporting to work at 8:00 a.m. until around 8 p.m. or 9 p.m. or even later, Monday through Friday. Additionally, he was required to work every Saturday starting his shift at 8:00 a.m. and finishing around 6:00 p.m.

17.    On or about July 2012, Plaintiff complained about his long and uncompensated labor and requested to stop working overtime hours. However, during the period beginning on or about July 2012 until February 2014, he continued to work overtime hours and specifically, he was reporting to work at 8:30 a.m. and finishing around 6p.m., Monday through Friday. Additionally, he was also working two (2) Saturdays per month between 8:30 p.m. and 6:00 p.m.

18.    For the majority of the time he was employed by the Defendants, Plaintiff was not working on Sundays. However, there were about ten (10) occasions throughout the period of his employment where he was called upon to report to work to help out with exigencies without receiving any overtime pay, any day(s) off or any discount on his regular working hour schedule.

19.   During the relevant period beginning October 2007 until the end of February of 2014, Plaintiff consistently worked above forty hours (40) to an approximate maximum of seventy (70) hours per workweek, his hours being contingent on the specific business needs. Consequently, between October 2007 and July 2012, he was typically working six (6) days a week, excluding Sundays, beginning his shift around 8:00 a.m. and finishing at or about 8:00 p.m. or as otherwise his work load demanded. Beginning July 2012 and until the end of his employment with Defendants, he was working from 8:30 a.m. until around 6p.m., Monday through Friday, while also being obliged to work two (2) Saturdays per month between 8:30 p.m. and 6:00 p.m.

20.   Despite working well over forty (40) hours per week during the entire period of his employment with the Defendants, Plaintiff was paid a predetermined weekly salary that did not reflect the hours he dedicated to his duties. Specifically, he received nine hundred dollars ($900.00) a week beginning October of 2007 and until July of 2012. Beginning July 2012 and until July 2013, he received either seven hundred and fifty dollars ($750.00) or nine hundred ($900.00) a week depending on whether he was working a five (5) or six (6) day week but always regardless of the hours he had to work. Thereafter and until the end of his employment, Defendants increased his weekly salary to either one thousand dollars ($1,000.00) or one thousand two hundred dollars ($1,200.00) again contingent on whether he worked a five (5) or six (6) day week and without any consideration of the actual number of hours he spent performing his duties.

21.    Plaintiff never received premium overtime pay, either at a straight time rate or at an overtime rate. Throughout the relevant period of his employment, it was the Defendants' policy to deprive Plaintiff of his earned and statutory overtime wages, although he was instructed and expected to work long hours six or seven days per week.

22.   Moreover, Defendant failed to pay Plaintiff one (1) additional hour of pay for each day he worked a spread of hours over ten (10) hours per day.

23.   Plaintiff's work duties required neither discretion nor independent judgment. Plaintiff's work duties did not require any advanced knowledge. Neither was the Plaintiff required to undergo a prolonged course of specialized intellectual instruction. All of the work that the Plaintiff performed had been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff has performed.

24.   Plaintiff is not exempt from the minimum wage and overtime provisions of the FLSA or NYLL.

25.   Defendants are aware or should have been aware that federal law required to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

26.   As part of regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to Plaintiff.

27.   Defendants failed to provide the Plaintiff with statutorily required wage and hour notice as required by NYLL Article 6, § 195 containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, in part so as to hide the Defendant's violations of the wage and hour laws, and to take advantage of the Plaintiff's lack of sophistication in wage and hour laws.

28.   Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of NYLL and federal law by failing to maintain accurate and complete timesheets and payroll records.

29.    Prior to the initiation of this legal procedure, Plaintiff complained on several occasions to his employers about the failure to pay overtime wages to him. Eventually, on or about February 4, 2014, Plaintiff was terminated from his employment with Defendants after complaining about damages in his tool box sustained by Defendant Ralph Gueria Jr. The latter dismissed Plaintiff

after expressly admitting that he was responsible for Plaintiff's damages.

## THE PARTIES

### PLAINTIFF

30.   Plaintiff Branch Simmons is an adult individual who is a citizen of Hempstead, New York residing at 23 Jefferson Place, Hempstead, NY 11209.

31.   Upon information and belief, Plaintiff has been employed by Defendants from in or around October 2007 until February 2014 to perform the services of a full-time construction and maintenance mechanic, engaged in the various projects as assigned by Defendants.

32.   Pursuant to Defendants' policy, pattern and/or practice, Plaintiff has not received overtime wages lawfully payable to him at the rate of one and a half (1.5) times his regular rate for all hours worked in excess of forty (40) hours per week.

33.   Plaintiff is a covered employee within the meaning of the FLSA and the NYLL, falling under no exemptions as articulated in the above statutes and seeks relief under both the NYLL and FLSA for unpaid overtime compensation.

34.   A written consent form for the Plaintiff is being filed with this Complaint.

### DEFENDANTS

35.   Upon information and belief, ROYAL GUARD FENCE CO., INC., is a business corporation engaged in the fence construction and maintenance industry, organized and existing under the laws of New York and doing business from its principal location at 550 Main Street,

Westbury, New York, 11590.

36.   At all relevant times, Defendant Corporation has been an "employer" under the FLSA and the New York Labor Articles.

37.   At all times relevant to this Complaint, Defendant Corporation was an "enterprise engaged in interstate commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 255(a)).

38.   Upon information and belief, WESTBURY FENCE & GUARD RAIL CO., INC., is a business corporation engaged in the fence construction and maintenance industry, organized and existing under the laws of New York doing business from its principal location at 410 Maple Avenue, Westbury, New York, 11590.

39.   At all relevant times, both Defendant Corporations have been "employers" under the FLSA and the New York Labor Articles.

40.   At all times relevant to this Complaint, each of the Defendant Corporations was an "enterprise engaged in interstate commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 255(a)).

41.   RALPH GUERCIA is an individual engaging in business in this judicial district during all times mentioned herein and is designated as an owner of the Defendant Corporation ROYAL GUARD FENCE CO., INC.

42. RALPH GUERCIA is sued individually in his capacity as an owner of the Defendant Corporation ROYAL GUARD FENCE CO., INC.

43. RALPH GUERCIA is sued individually in his capacity as an agent of the Defendant Corporation ROYAL GUARD FENCE CO., INC.

44. RALPH GUERCIA is sued individually in his capacity as an officer of the Defendant Corporation ROYAL GUARD FENCE CO., INC.

45. RALPH GUERCIA possesses operational control over Defendant Corporation ROYAL GUARD FENCE CO., INC, possesses an ownership interest in the Defendant Corporation, and controls significant functions of the Defendant Corporation.

46. RALPH GUERCIA determined the wages and compensation of persons employed to work at the Defendant Corporation ROYAL GUARD FENCE CO., INC, including the Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

47. RALPH GUERCIA is sued individually in his capacity as a proprietor conducting business under the assumed name ROYAL GUARD FENCE CO., INC.

48. RALPH GUERCIA is sued individually in his capacity as a partner of a partnership conducting business under the assumed name ROYAL GUARD FENCE CO., INC.

49. RALPH GUERCIA possesses or possessed operational control over ROYAL GUARD FENCE CO., INC. possesses or possessed an ownership interest in ROYAL GUARD FENCE CO., INC., and controls or controlled significant functions of ROYAL GUARD FENCE CO., INC.

50. RALPH GUERCIA JR is an individual engaging in business in this judicial district during all times mentioned herein and is designated as an owner of the Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC.

51. RALPH GUERCIA JR is sued individually in his capacity as an owner of the Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC.

52. RALPH GUERCIA JR is sued individually in his capacity as an agent of the Defendant

Corporation WESTBURY FENCE & GUARD RAIL CO., INC.

53. RALPH GUERCIA JR is sued individually in his capacity as an officer of the Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC.

54. RALPH GUERCIA JR possesses operational control over Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC., possesses an ownership interest in the Defendant Corporation, and controls significant functions of the Defendant Corporation.

55. RALPH GUERCIA JR determined the wages and compensation of persons employed to work at the Defendant Corporation WESTBURY FENCE & GUARD RAIL CO., INC., including the Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

56. RALPH GUERCIA JR is sued individually in his capacity as a proprietor conducting business under the assumed name WESTBURY FENCE & GUARD RAIL CO., INC.

57. RALPH GUERCIA JR is sued individually in his capacity as a partner of a partnership conducting business under the assumed name WESTBURY FENCE & GUARD RAIL CO., INC.

58. RALPH GUERCIA JR possesses or possessed operational control over WESTBURY FENCE & GUARD RAIL CO., INC, possesses or possessed an ownership interest in WESTBURY FENCE & GUARD RAIL CO., INC., and controls or controlled significant functions of WESTBURY FENCE & GUARD RAIL CO., INC.

## **DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

59. Upon information and belief, the individual Defendants Ralph Guercia and Ralph Guercia

Jr, are owners of the Defendant Corporations ROYAL GUARD FENCE CO., INC., and WESTBURY FENCE & GUARD RAIL CO., INC respectively, and in their capacities as owners, executives and managers exercised full operational control of all business affairs, including the hiring, scheduling, rating and firing of employees, including specifically the Plaintiff.

60. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

61. Each Defendant possessed substantial control over the Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff.

62. Defendants jointly employed the Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

63. In the alternative, the Defendants constitute a single employer of the Plaintiff.

64. At all times relevant to this Complaint, Defendant Corporations were "enterprises engaged in interstate commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 255(a)).

## JURISDICTION AND VENUE

65. The court has subject matter jurisdiction under 28 U.S.C. § 1331 and the FLSA 29 U.S.C. §§ 201 *el seq.*. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiff's federal law claims that they form part of the same case and controversy under Article III of the United States Constitution.

66. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

67.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendant maintains its headquarters and offices within this district, and Defendant operates a business located in this district. Further, Plaintiff was employed by Defendant in this district. Plaintiff also resides in this district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

68.    Plaintiff repeats and re-alleges all/paragraphs above as though fully set forth herein.

69.    Defendants did not pay Plaintiff the proper overtime wages or spread of hours as required to be paid to him under federal and state labor law.

70.    From in or around the beginning of his employment and until February 4, 2014, Plaintiff has consistently worked well over forty (40) hours per week without receiving premium overtime pay.

71.    Defendants failed to pay Plaintiff the proper overtime wages for all of the time that he was suffered or permitted to work each workweek and he was required to be paid under federal and state labor law.

72.    Upon information and belief, Defendants did not keep accurate or any records of wages or hours worked by Plaintiff.

73.    Defendants' violation have been willful and intentional in that it has known all along that Plaintiff worked in excess of forty hours a week without ever being compensated pursuant to the requirements of both federal and state law.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

74.   Plaintiff repeats and re-alleges all the paragraphs above as though fully set forth herein.

75.   At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the FLSA 29 U.S.C. § 203(d).

76.   Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

77.   At all times relevant in this action, Defendant Corporations were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. §§ 203 (b), 206(a) and 207(a) or in an industry or activity affecting commerce.

78.   Defendant Corporations constitute enterprises within the meaning of the FLSA 29 U.S.C. § 203 (r-s).

79.   Defendants, in violation of the FLSA, failed to pay Plaintiff any overtime compensation at rates of one and a half (1.5) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(I).

80.   Defendants' failure to pay Plaintiff overtime compensation was intentional, made knowingly or with a reckless indifference to Plaintiff's rights and willful within the meaning of 29 U.S.C. § 255(a). Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

81.   Since Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

82.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime

compensation in an amount to be determined by trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

83.   Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

84.   At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the NYLL §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

85.   Defendants, in violation of the NYLL § 190 et seq. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and a half (1.5) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

86.   Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of NYLL § 663 and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R.  Part 142.

87.   Due to Defendants' violations of the NYLL, Plaintiff has been damaged in an amount to be determined by trial, along with liquidated damages, attorney's fees and costs of litigation.

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISIONER OF LABOR)

88.   Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

89.   Defendants failed to pay Plaintiff one additional hour's pay at his hourly wage rate before allowances for each day each of the Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 90 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & BEGS. Tit. 12 § 137-1.7 and 137-3.11.

90.   Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten (10)  hours was willful within the meaning of NYLL § 663.

91.    Plaintiff worked consistently six (6) days each week, excluding Sundays, for more than ten (10) hours per day for the period starting at the beginning of his employment until July of 2012.

92.   Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (RECORD KEEPING VIOLATIONS)

93.   Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

94.   Defendants have willfully failed to supply Plaintiff with notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

95.   Additionally, Defendants did not comply with NYLL Article § 195 (5) by failing to notify Plaintiff and his colleagues in writing or by publicly posting the employer's policy on sick leave, vacation, personal leave, holidays and hours.

96.   Due to Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100.00) for each work week that the violations occurred or continue to occur or a total of Twenty-Five Hundred Dollars ($2,500.00), as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

97.   **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants:

     i.      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff;

     ii.      Declaring that Defendants' violation of the provisions of the FLSA was willful as to the Plaintiff;

     iii.      Awarding the Plaintiff damages for the amount of unpaid wages and overtime wages or any credits taken against wages under the FLSA, NYLL and any rules and orders promulgated under the later;

     iv.      Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of Plaintiff's damages under the FLSA for the amount of unpaid overtime wages for the relevant period.

     v.      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

vi.     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to the Plaintiff;

vii.    Declaring that Defendants have violated the recordkeeping requirements of NYLL with respect to the Plaintiff's compensation, hours, ages and any deductions or credits taken against wages;

viii.   Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

ix.     Awarding Plaintiff double damages, liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and minimum and overtime compensation shown to be owed under NYLL as applicable;

x.      Awarding  Plaintiff pre-judgment and post-judgment interest as applicable;

xi.     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

xii.    All such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
October 14, 2014

**Penn Proefriedt Schwarzfeld & Schwartz**

By: Stephen Penn, Esq.
114 West 47th Street, 19th Floor,
New York, NY 10036
Tel:            (212) 354 7700
Facsimile:     (212) 997-5070
Attorneys for Plaintiff

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against ROYAL GUARD FENCE CO, WESTBURY FENCE &GUARD RAIL CO., RALPH GUERCIA and RALPH GUERCIA JR., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 USC § 216(b).

By signing and returning this consent form, I hereby designate Penn Proefriedt Schwarzfeld & Schwartz ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: 1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or 2) 1/3 of the gross settlement of judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Branch Simmons_

Signature

_23 Jefferson Pl._
_HEMPSTEAD NY_
_11550_

Full Legal Name and Address

19